## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| ING BANK, fsb | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| N99 LLC; and CASCADES BRANDING | : |
| INNOVATION LLC; | : |
| | : |
| Defendants. | : |
| | : |

Civil Action No. _____

JURY TRIAL DEMANDED

## COMPLAINT FOR DECLARATORY JUDGMENT

ING Bank, fsb ("ING"), Plaintiff, brings this action against N99 LLC ("N99") and

Cascades Branding Innovation LLC ("Cascades") (collectively "Defendants"), and alleges that:

## I.
## PARTIES

1.      Plaintiff ING is a Delaware corporation having a principal place of business at 1

South Orange Street, Wilmington, Delaware 19801.

2.      Defendant N99 is a Massachusetts limited liability company having a place of

business at 69 Fifer Lane, Lexington, Massachusetts 02420. N99 is identified as the owner of all

right, title and interest to U.S. Patent Number 7,768,395, entitled, "BRAND MAPPING," ("the

'395 Patent") at the United States Patent and Trademark Office ("USPTO"). Upon information

and belief, N99 is the owner and holder of substantial rights to the '395 Patent.

3.      Defendant Cascades is an Illinois limited liability company having a place of

business at 500 Skokie Boulevard, Suite 35, Northbrook, Illinois. Upon information and belief,

Cascades is the exclusive licensee and holder of substantial rights to the '395 Patent.

## II.
## JURISDICTION AND VENUE

4.      This action arises under the United States Patent Laws, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and presents an actual case or controversy within the Court's jurisdiction under those provisions.

5.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

6.      Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b).

## III.
## FACTUAL BACKGROUND

7.      The '395 Patent issued to Dr. Steven K. Gold ("Dr. Gold") on August 3, 2010 from U.S. Patent Application Ser. No. 11/758,392, filed June 5, 2007 ("the '392 Application"). A copy of the '395 Patent is attached hereto as Exhibit A.

8.      Dr. Gold is identified as the sole inventor of the '395 Patent on the face of the '395 Patent.

9.      The '395 Patent claims priority to U.S. Provisional Application Ser. No. 60/885,773, filed on January 19, 2007.

10.     The description of the '395 Patent was published at least as early as November 8, 2007 in U.S. Patent Application Publication No. 2007/0257792.

11.     Upon information and belief, on or about February 4, 2011, Dr. Steven K. Gold assigned his entire right, title and interest to the '395 Patent to N99 LLC ("the Gold-N99 Assignment").

12.     Upon information and belief, on or about February 8, 2011, the Gold-N99 Assignment was recorded with the USPTO.

13.     Upon information and belief, there are no assignments related to the '395 Patent that were recorded with the USPTO subsequent to the Gold-N99 Assignment.

14.     On or about April 14, 2011, Cascades wrote a letter addressed to Mr. Arkadi Kuhlmann, the President and Chief Executive Officer of ING ("the Cascades Letter"), claiming to be the holder of all substantial rights in the '395 Patent and claiming to have the exclusive right to license the '395 Patent. A copy of the Cascades Letter is attached hereto as Exhibit B.

15.     Cascades directly accused ING of infringing the '395 Patent with its ATM Finder application on mobile devices in the Cascades Letter.

16.     Cascades advised ING that the purpose of the Cascades Letter was to "inform" ING of its "infringement of the '395 Patent" and "to make a firm license offer" which Cascades extended until May 5, 2011.

17.     Cascades advised ING that Cascades believed that its "firm license offer" was a "good value" for ING "since it is far less than a 'reasonable royalty' that would be awarded at the conclusion of any patent infringement trial" in the Cascades Letter.

18.     Cascades advised ING that Cascades "will not keep the ['firm license offer'] open indefinitely" and demanded that ING contact it promptly with a "favorable response by May 5, 2011" to "avoid any need for court involvement."

19.     Cascades advised ING that it is enforcing its intellectual property rights against an alleged infringer in the matter of *Cascades Branding Innovation LLC v. Walgreen Co.,* Case No.

1:11-cv-2519 in the United States District Court for the Northern District of Illinois ("the Walgreen Suit").

20.     Upon information and belief, Cascades filed the Walgreen Suit on the same day that it wrote the Cascades Letter.

21.     Upon information and belief, Cascades acted on behalf of, as an agent of, at the direction of, and/or with the approval of N99 when it wrote the Cascades Letter accusing ING of infringement of the '395 Patent, demanding settlement at its non-negotiable price, and threatening ING with legal action.

22.     As a result, ING has formed the reasonable apprehension and belief that Cascades will sue ING for infringement of the '395 Patent.

**IV.**
**COUNT I**
**DECLARATORY JUDGMENT OF NONINFRINGEMENT**

23.     ING incorporates the allegations set forth at paragraphs 1 through 22 as if fully set forth herein.

24.     ING's products, or any use thereof, have not infringed and do not now infringe any valid claim of the '395 Patent

25.     By reasons of statements made and positions taken by Cascades during the prosecution of the '395 Patent before the USPTO, Cascades is estopped from construing the claims of the '395 Patent to cover ING's ATM Finder application.

26.     ING rejects, denies and disputes Cascades' accusations of infringement of the '395 Patent.

27.     Therefore, an actual controversy within the meaning of 28 U.S. C. §§ 2201 and 2202 has arisen and exists between ING and Cascades, and ING and N99, concerning whether ING practices or infringes any of the claims of the '395 Patent, and ING is entitled to a declaratory judgment that the claims of the '395 Patent are not infringed by ING.

## IV.
## COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY

28.     ING incorporates the allegations set forth at paragraphs 1 through 27 as if fully set forth herein.

29.     The '395 Patent is invalid for failure to comply with one or more of the requirements for patentability set forth in Title 35, United States Code § 101 et seq.

30.     Therefore, an actual controversy within the meaning of 28 U.S. C. §§ 2201 and 2202 has arisen and exists between ING and Cascades, and ING and N99, concerning the validity and/or enforceability of the '395 Patent, and ING is entitled to a declaratory judgment that the '395 Patent is invalid and/or unenforceable.

## V.
## PRAYER AND RELIEF

WHEREFORE, PREMISES CONSIDERED, ING prays for:

31.     A Declaration that the '395 Patent is invalid or unenforceable;

32.     A Declaration that ING does not infringe any valid claim of the '395 Patent;

33.     An award to ING of all remedies available under 35 U.S.C. § 285;

34.     An award to ING of its costs and attorneys' fees incurred in seeking this relief;

35.     Such other relief as this Court or a jury may deem proper and just under the circumstances.

## VI.
## JURY DEMAND

ING demands a trial by jury on all issues so triable.

Dated:  May 5, 2011                          **DUANE MORRIS LLP**


/s/  Gary W. Lipkin
Gary W. Lipkin (Del. I.D. No. 4044)
222 Delaware Avenue, 16th Floor
Wilmington, DE 19801
Phone: (302) 657-4900
Fax:    (302) 657-4901

Attorney for Plaintiff ING Bank, fsb